*107 The Supreme Court reversed the judgment of the Oyer and Terminer on April 1st, 1881, in the following opinion, per :
Trunkey, J.
In felony and misdemeanor, it has been decided that unless-the record show a former conviction and judgment, the defendant cannot be sentenced as for a second offence. “On every principal of personal security and the due administration of justice the fact which gives rightfulness to the greater punishment should appear in the record Rauch vs. Commonwealth, 78 Pa., 490 ; Smith vs. Commonwealth, 14 S. & R., 69. The maximum of imprisonment for the crime of larceny, when the record fails to show it is a second offence, is a period of three years; Act of March 31, 1860, Sect. 103, Pur. Dig., 344 PL, 148, P. Laws, 408. The indictment contained a count charging burglary and another, larceny. Conway was found guilty of larceny, but not guilty of burglary. No reference is made in the indictment to a former conviction and judgment. Therefore, the sentence of Conway to imprisonment for a period of six years was error. Of course, had the attention of the learned Judge been called to the offence as set out in the indictment, for which Conway was convicted,, the mistake would not • have happened. The record should' show a judgment on the verdict, and as Conway has already suffered imprisonment for a longer time than he can be lawfully sentenced, the ends of justice will be reached by reversing so much of the judgment as imposes imprisonment for a. period in excess of three years.
So much of the sentence as imposes imprisonment for a. longer time than three years is reversed, so that the sentence shall stand for three years.